UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROMAN SHILMESTER,

                                                          Plaintiff,

   -against-

CHRISTOP GREINER; and "JOHN and JANE DOE 1-10", individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown),



                                                 Defendants.
------------------------------------------------------------------------X

*COMPLAINT AND JURY DEMAND*

Docket No.
15-cv-4014

ECF CASE

Plaintiff Roman Shilmester, by his attorney Cary London, of London Indusi LLP, for his complaint against Defendants alleges as follows:

**PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

2. The claim arises from a January 14, 2015 incident in which Defendants, acting under color of state law, unlawfully stopped and arrested Mr. Shilmester without probable cause. Mr. Shilmester initially spent approximately 5 hours unlawfully in police custody and was given a Desk Appearance Ticket. After going to Court, Mr. Shilmester's case was dismissed and sealed.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems

just and proper.

## JURISDICTION

4. This action arises under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Roman Shilmester ("Mr. Shilmester") resided at all times here relevant in King's County, City and State of New York. Police Officer Christop Greiner, Shield No. 1425 ("Greiner") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Ramos was, at the time relevant herein, a Police Officer under Shield # 1425 of Patrol Borough Brooklyn South. Defendant Greiner is sued in his individual capacity.

8. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and

Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

11. On November 26, 2014, at approximately 4 P.M., Mr. Shilmester was legally parked at Mermaid Avenue and West 21, in King's County, Brooklyn, New York.

12. Mr. Shilmester was sitting in the driver's seat of the vehicle.

13. Mr. Shilmester did not commit any VTL violations.

14. Mr. Shilmester was not committing any crime or violating any law or local ordinance.

15. The Defendants, including Defendant Greiner, approached Mr. Shilmester's vehicle and knocked on the window.

16. The Defendants did not observe Mr. Shilmester commit any crime or infraction.

17. Defendant Greiner opened the driver's side door, and told Plaintiff to step out of the vehicle.

18. Plaintiff obeyed Defendant Greiner's order and stepped out of the vehicle.

19. Defendant Greiner then searched Plaintiff's person without permission or authority.

20. No contraband or anything of illegality was found on Plaintiff.

21. Defendants then searched the entire vehicle without permission or authority.

22. No contraband or anything of illegality was found in Plaintiff's vehicle.

23. Defendants, including Grenier then unlawfully handcuffed Mr. Shilmester.

24. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. Shilmester.

25. Mr. Shilmester did not resist arrest.

26. Defendants, including Ramos, placed Mr. Shilmester under arrest and transported him to central bookings.

27. Defendants, including Defendant Greiner, conveyed false information to prosecutors in order to have Mr. Shilmester prosecuted for Criminal Possession of a Controlled Substance in the Seventh Degree and other related charges.

28. Defendants, including Defendant Greiner, prepared false sworn affidavits and false police reports relating to Mr. Shilmester's arrest.

29. Mr. Shilmester was unlawfully held in police custody for approximately 5 hours before being released with a Desk Appearance Ticket.

30. At arraignments, the Judge dismissed the case.

31. Defendants, including Defendant Greiner, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Shilmester's arrest, including a false claim they had observed Mr. Shilmester possess drug residue.

32. Those reports were forwarded to one or more prosecutors at the King's County District Attorney's office.

33. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. McNair without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Shilmester without probable cause.

34. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Shilmester and violate his civil rights.

35. As a direct and proximate result of the acts of Defendants, Mr. Shilmester suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth

Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and loss of liberty.

### FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

36. The above paragraphs are here incorporated by reference as though fully set forth.

37. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

38. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

### SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

39. The above paragraphs are here incorporated by reference as though fully set forth.

40. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

41. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

43. The above paragraphs are here incorporated by reference as though fully set forth.

44. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

45. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

46. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

48. The above paragraphs are here incorporated by reference as though fully set forth.

49. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Shilmester possessed narcotic residue.

50. The individual Defendants forwarded false evidence to prosecutors in the King's County District Attorney's office.

51. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION

Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

53. The above paragraphs are here incorporated by reference as though fully set forth.

54. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

55. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

56. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

   a)  In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

   b)  Awarding Plaintiff punitive damages in an amount to be determined by a jury;

   c)  Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;

   d)  Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

   e)  Granting such other and further relief as this Court deems just and proper.

**<u>JURY DEMAND</u>**

Plaintiff demands a trial by jury.

Dated: July 8, 2015
      Brooklyn New York

Respectfully submitted,

        ___/s/ Cary London_____
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Mr. Shilmester
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com